1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL GEORGE SMITH,

          Plaintiff,

    v.

CITY OF AUBURN,

          Defendant.

CASE NO. C04-1829RSM

ORDER ON MOTIONS FOR NEW
TRIAL

       Plaintiff was bitten by a police dog in the course of an arrest.  He filed this action pursuant to 42 U.S.C. § 1983, claiming that the use of the police dog constituted excessive force in violation of the Fourth Amendment.  The case was tried to a jury during the week beginning February 5, 2007, and a verdict was reached on February 9, 2007.   The verdict was for defendant on all issues that were given to the jury.  Plaintiff has now moved for a new trial on two separate bases, and defendant has opposed both motions.   For the reasons set forth below, both of plaintiff's motions for a new trial shall be DENIED.

       (1) Motion for a New Trial on Fourth Amendment Claim (Dkt. # 141).

       At trial, plaintiff requested two instructions regarding the failure of the Officer to give a verbal warning before deploying the police dog.  Plaintiff contends that he is entitled to a new trial because the Court declined to give these instructions.   The Court's Instruction No. 11 stated,

ORDER ON MOTIONS FOR NEW TRIAL - 1

**FOURTH AMENDMENT---EXCESSIVE FORCE—UNREASONABLE SEIZURE**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest.  Thus, in order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that the officer used excessive force when he arrested plaintiff by using a dog to bite him.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances.  In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the officer used excessive force in this case, you should consider all of the circumstances known to the officer on the scene, including:

(1)  the severity of the crime to which the officer responded;

(2)  whether the plaintiff posed an immediate threat to the safety of the officer or to others;

(3)  whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

(4) the type and amount of force used; and

(5) the availability of alternative methods to take the plaintiff into custody.

Dkt. # 137.  Plaintiff asked that this instruction include language that the jury should consider "whether or not a verbal warning was given before the police dog was deployed."  Plaintiff's Requested Jury Instruction No. 11,  Dkt. # 126.   The Court declined to include this language, because whether or not a warning was given was not a "circumstance[] known to the officer" properly within the context of the instruction.  Instead, as plaintiff was allowed to argue in closing, it was a  fact which the jury could consider in determining the reasonableness of the force used.

Similarly, the Court declined to give plaintiff's requested Instruction No. 12, which would have instructed the jury that the officer's failure to give a verbal warning was a *per se* violation of the Fourth Amendment.  Such an instruction would have been an incorrect statement of the law under the circumstances here, in an open outdoor setting where the officer had no idea where or whether a suspect might be present.   Plaintiff's motion for a new trial on the basis of the jury instructions is accordingly DENIED.

(2) Plaintiff's Motion for a New Trial on Damages (Dkt. # 139).

At trial, the jury was instructed that the Court had already decided a claim under Washington's

ORDER ON MOTIONS FOR NEW TRIAL - 2

1  law of strict liability, and that they were required to determine plaintiff's damages from the dog bite

2  regardless of their finding on plaintiff's Fourth Amendment claim. The first question on the special

3  verdict form, as proposed by both plaintiff and defendant, was "What is the amount of Plaintiff Michael

4  Smith's damages?" Dkt. ## 112, 118, 138. In answering this question, the jury chose an amount equal

5  to plaintiff's medical bills which were paid by the Department of Social and Health Services, $3,372.10.

6  Dkt. # 138. Plaintiff asserts that under Washington law this award requires the granting of a new trial,

7  because the jury failed to include compensation for his pain and suffering.

8       Plaintiff's argument arises from *Palmer v. Jensen*, 132 Wash. 2d 192 (1997), a case in which, as

9  here, the jury awarded damages exactly equal to the special damages claimed at trial. Plaintiff

10 summarizes this case as holding that the "trial court abused its discretion by failing to order a new trial on

11 damages where [the] jury's award was exactly the amount of the medical bills and therefore included no

12 award for pain and suffering damages." Motion for a New Trial, p. 1-2. However, the *Palmer* court

13 recognized that "there is no *per se* rule that general damages must be awarded to every plaintiff who

14 sustains an injury." *Id*. at 201. A jury verdict declining to award general damages must be disturbed only

15 where there is **indisputable** evidence that the plaintiff sustained compensable pain and suffering. *Id*.,

16 *citing Shaw v. Browning*, 59 Wash. 2d 133 (1961).

17      The *Palmer* court engaged in a two-step analysis, first determining whether it could infer from the

18 amount of the verdict that the jury awarded no damages for pain and suffering. *Id*. at 199-201. Here, the

19 amount of the verdict does raise the inference, but it is not conclusive. Although there was testimony

20 regarding a lien asserted by the Department of Social and Health Services for plaintiff's medical expenses,

21 that testimony was ambiguous as to the actual amount of the lien and whether plaintiff would have to pay

22 it back. Further, plaintiff's medical expenses included treatment for mental trauma. The jury may have

23 simply used the amount of plaintiff's medical bills as a measure of his entire damages, including physical

24 injury and mental suffering.

25      Even if the Court were to conclude that the jury awarded no damages for pain and suffering, there

26 is a second step to the *Palmer* analysis. At this second step, the Court must review the record to

27 determine if the omission of general damages was contrary to the evidence. *Id*. at 201-202. In this case

28  ORDER ON MOTIONS FOR NEW TRIAL - 3

1   it was not.

2         Defendant presented testimony of a medical expert, John Hamm, M.D.,  from which the jury could

3   reasonably find that plaintiff's complaints of post-traumatic stress disorder were exaggerated or even

4   manufactured.   Defendant also presented the testimony of the officers present at the scene, Andy Suver

5   and James Ferrell, who testified to plaintiff's demeanor immediately after the dog bite.   This testimony

6   controverted plaintiff's testimony that he was incapacitated and in great pain.   Thus, defendant disputed

7   every aspect of plaintiff's general damages for pain and suffering.

8         The jury was instructed in Instruction No. 15 that plaintiff had the burden of proving the amount

9   of his damages by a preponderance of the evidence.  Dkt. # 137.  The holding in *Palmer* gives juries a

10  measure of discretion to decline to award damages for pain and suffering where there is evidence that the

11  pain was minimal or transitory.  *Lopez v. Salgado-Guadarama*, 130 Wash. App. 87, 93 (2005) (*citing*

12  *Palmer*, 132 Wash. 2d at 202).   As defendant put on evidence controverting plaintiff's testimony

13  regarding his pain and suffering, including his pain in the immediate aftermath of the dog bite, the jury

14  was required to weigh the evidence on both sides.   The jury had the opportunity to observe the demeanor

15  on the stand of plaintiff and of the arresting officers, and to determine their respective credibility.   The

16  jury's determination that plaintiff did not carry his burden of proving that he suffered compensable pain

17  and suffering was supported by sufficient evidence for the verdict to stand.   *Id.*

18        "The finding of the jury, upon substantial, conflicting evidence. . . is final."  *Bunnell v. Barr*, 68

19  Wash. 2d 771, 777 (1966);  *(quoting Rettinger v. Bresnahan,* 42 Wash. 2d 631, 633 (1953).   As the

20  evidence of  plaintiff's pain and suffering evidence was in dispute, it was a matter for the jury to

21  determine.   It would be an abuse of discretion for this Court to upset the verdict of the jury and grant a

22  new trial.  *Palmer*, 132 Wash. 2d at 198 (*citing McUne v. Fuqua*, 45 Wash. 2d 650, 653 (1954).

23  Plaintiff's motion for a new trial on damages is accordingly DENIED.

24        Dated this 23rd day of March, 2007.

25

26                                              RICARDO S. MARTINEZ
                                                UNITED STATES DISTRICT JUDGE

27

28   ORDER ON MOTIONS FOR NEW TRIAL - 4